Richard D. Rochford
Joseph Lawlor
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(T) 212-659-4984
(F) 212-884-9572
richard.rochford@haynesboone.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYLOGIX LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>BENEFITFOCUS INC.,<br><br>                         Defendant. | 18-CV-6224<br><br>Jury Trial Requested<br><br>**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF** |

Plaintiff Paylogix LLC ("Paylogix"), by and through its undersigned counsel, alleges as follows against Defendant Benefitfocus Inc. ("Benefitfocus"), upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### Nature of the Action

1.    This is a civil action for trademark and service mark infringement, false association and sponsorship, unfair competition, misappropriation, and misrepresentation under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and New York statutory and common law.

2.    Paylogix is a benefit administrator that offers, among other things, a payroll management and deduction solution under the brand Consolidated Billing®.  Paylogix has offered and broadly advertised its Consolidated Billing® solution since 1997, and Consolidated Billing® is widely recognized in the marketplace for its association with Paylogix.  In fact, the CONSOLIDATED BILLING mark attained incontestable status in 2011.

3. Benefitfocus is a publicly-traded competitor of Paylogix in the benefit administration market and has a market capitalization of more than one billion dollars.

4. Beginning no later than in or about June 2011 and proceeding through May, 2015, Paylogix and Benefitfocus engaged in discussions regarding the possibility of a deal whereby Paylogix would license its Consolidated Billing® solution to Benefitfocus. The parties entered into two non-disclosure agreements in connection with these talks.

5. A deal was never consummated by the parties. However, Paylogix was shocked to learn in the fall of 2017 that Benefitfocus had nonetheless decided to go to market with a Consolidated Billing-branded payroll solution that in many ways mirrors Paylogix' offering. Benefitfocus has begun to widely market its infringing "Consolidated Billing" offering in an attempt to trade off Paylogix' goodwill in its Consolidated Billing® brand.

## The Parties

*6.* Paylogix is a New York limited liability company with its principal place of business at 1025 Old Country Rd. # 310, Westbury, NY 11590.

7. Benefitfocus is a corporation with an office at 135 Madison Avenue, New York, NY 10016.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b). The Court has supplemental jurisdiction over Paylogix' state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), (c), and (d) because Benefitfocus resides and regularly conduct business in this District, Benefitfocus's contacts with this District are more significant than its contacts with the other districts in this state, a

substantial part of the events giving rise to Paylogix' claims have occurred and are continuing to occur in this District, and Paylogix' trademarks at issue are located in this District.

### Facts Relevant to the Claims for Relief

**Paylogix and its Incontestable CONSOLIDATED BILLING® Mark**

10. Paylogix is a leading technology-based provider of administrative and enrollment payroll solutions for the insurance industry.

11. Paylogix filed its U.S. trademark application for CONSOLIDATED BILLING on March 6, 2000.

12. Paylogix' CONSOLIDATED BILLING mark was registered on September 28, 2004, U.S. Trademark Reg. No. 2,888,088.

13. On February 15, 2011, the U.S. Patent and Trademark Office acknowledged the filing of an affidavit pursuant to Section 15 of the Trademark Act, 15 U.S.C. Sec. 1065.

14. CONSOLIDATED BILLING® is an incontestable mark.

15. Consolidated Billing® is a service that allows multiple products from multiple carriers to be billed and paid in one online bill:



Our trademarked Consolidated Billing® service allows multiple products from multiple carriers to be billed and paid in one online bill.

All at no cost to the broker or the employer.*

16. Without use of a service like Consolidated Billing® human resources ("HR") personnel are required to pay employee benefits to each individual provider. These benefits may

include, for example, health insurance, transit benefits, and retirement benefits.  This leads to enormous administrative expense.

17. Consolidated Billing® dramatically reduces these administrative expenses by reducing all of these benefits to a single online bill.

18. Currently, Consolidated Billing® is used by over 850 employers.

19. Additionally, Paylogix frequently licenses its benefit and payroll solutions to third-party benefit managers throughout North America.

20. These benefit managers then offer Paylogix' Consolidated Billing® to employers together with their own suite of services.

21. Consolidated Billing® is well-known within the industry for the services with which it is associated and for its association with Paylogix.

**Paylogix and Benefitfocus Discuss a Potential Consolidated Billing® Licensing Deal**

22. Benefitfocus is a publicly-traded company that offers cloud-based benefits management software to employers, insurance carriers, and brokers.

23. In 2011, Benefitfocus approached Paylogix to discuss a potential business relationship by which Paylogix would license its Consolidated Billing® solution to Benefitfocus. The parties entered into a non-disclosure agreement, but ultimately could not reach an agreement.

24. In January 2015, Benefitfocus again approached Paylogix to discuss the possibility of licensing the Consolidated billing® solution to Benefitfocus.  However, after engaging in discussions, again covered by a non-disclosure agreement, the parties were unable to reach terms.

**Benefitfocus Introduces an Infringing "Consolidated Billing" Payroll Solution**

25.     Despite the parties' inability to reach a licensing agreement, in 2017, Benefitfocus nonetheless decided to launch a product called "Consolidated Billing":



Cindi Van Meir, Benefitfocus senior manager of product marketing, announces a new consolidated billing option for employers on the Benefitfocus Platform.

26.     Benefitfocus described "Consolidated Billing" as a solution to manage the multiple vendors and providers that HR departments must use to provide employee benefits.

27.     According to Benefitfocus, the primary benefit of its "Consolidated Billing" solution is the ability to make a single online payment that covers all of the benefits offered by the employer.

28.     In other words, after failing to reach a licensing agreement with Paylogix, Benefitfocus simply went ahead and launched a CONSOLIDATED BILLING-branded solution

that provides the same core functionality as Paylogix' trademarked Consolidated Billing® solution.

29. Benefitfocus's Northeast operations are centered in its office at 135 Madison Avenue, from where, according to Benefitfocus, it services "[a] significant number of large enterprise employers" who "rely on the Benefitfocus platform to optimize benefit offerings and provide employees with access to a greater choice of core and voluntary benefits."

30. Benefitfocus has and continues to market and sell its "Consolidated Billing" solution from its New York City office and to employers, insurers, and brokers within New York.

31. In the fall of 2017, Paylogix learned of this blatant infringement of its CONSOLIDATED BILLING® mark and reached out to Benefitfocus in an attempt to resolve the dispute. The parties' discussions lasted through early 2018, but, apparently owing to the goodwill Paylogix has developed in its incontestable CONSOLIDATED BILLING mark in the industry, Benefitfocus has refused to cease its infringing use.

**First Claim for Relief: Violations of
Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

32. Paylogix repeats the allegations contained in paragraphs 1 through 31 above.

33. As detailed above, without Paylogix' consent, Benefitfocus used and continues to use in commerce reproductions, counterfeits, copies, and colorable imitations of Paylogix' registered and incontestable CONSOLIDATED BILLING mark in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services on or in connection with which such use is likely to cause confusion, and/or to cause mistake, and/or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. By reason of the foregoing, Paylogix has suffered, and will continue to suffer, substantial damages, and Benefitfocus has reaped substantial profits.

### Second Claim for Relief: Violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

35. Paylogix repeats the allegations contained in paragraphs 1 through 34 above.

36. As detailed above, Benefitfocus's actions are likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Benefitfocus with Paylogix, and as to the origin, sponsorship, or approval of Benefitfocus's goods, services, or commercial activities by Paylogix.

37. As detailed above, Benefitfocus's actions in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Benefitfocus's goods, services, or commercial activities.

38. As detailed above, Benefitfocus has misappropriated Paylogix' CONSOLIDATED BILLING® mark, and the associated goodwill, which were created at Paylogix' expense, and through Paylogix' skill and labor.

39. By reason of the foregoing, Paylogix has suffered, and will continue to suffer, substantial damages, and Benefitfocus has reaped substantial profits.

### Third Claim for Relief: Injury to Business Reputation and Dilution Under N.Y. G.B.L. § 360-L

40. Paylogix repeats the allegations contained in paragraphs 1 through 39 above.

41. As described above, Benefitfocus's use of the CONSOLIDATED BILLING mark creates a likelihood of injury to Paylogix' business reputations and of dilution of the distinctive quality of the CONSOLIDATED BILLING mark.

42. Benefitfocus's use of the CONSOLIDATED BILLING mark will cause both confusion and reverse confusion as to Paylogix' and Benefitfocus's associations with the mark.

43. Benefitfocus's use of the CONSOLIDATED BILLING mark in conjunction with a product that has the same core functionality as Paylogix' Consolidated Billing® solution places Benefitfocus in direct competition with Paylogix.

44. Paylogix has no control over the "Consolidated Billing"-branded product offered by Benefitfocus which is a nascent product that is inferior to Paylogix' well-established Consolidated Billing® solution.

45. By reason of the foregoing, Paylogix has suffered, and will continue to suffer, substantial damages, and is suffering, and will continue to suffer, irreparable harm as a result of Benefitfocus's unlawful use of the CONSOLIDATED BILLING® mark, and Benefitfocus has reaped substantial profits.

### Fourth Claim for Relief: Violations of N.Y. G.B.L. § 133

46. Paylogix repeats the allegations contained in paragraphs 1 through 45 above.

47. Benefitfocus, with intent to deceive or mislead the public, has assumed, adopted, and/or used as, or as part of, Benefitfocus's corporate, assumed, and/or trade name, for advertising purposes, for the purposes of trade, and/or for some other purpose, the CONSOLIDATED BILLING mark, which deceive and/or mislead the public as to the identity of Benefitfocus and/or as to the connection of Benefitfocus with Paylogix.

48. By reason of the foregoing, Paylogix has suffered, and will continue to suffer, substantial damages, and are suffering, and will continue to suffer, irreparable harm as a result of Benefitfocus's use of the CONSOLIDATED BILLING® mark, and Benefitfocus has reaped substantial profits.

### Fifth Claim for Relief: Deceptive Trade Practices Under N.Y. G.B.L. § 350

49. Paylogix repeats the allegations contained in paragraphs 1 through 48 above.

50. Benefitfocus's advertising is misleading in a material respect, in that, *inter alia*, the CONSOLIDATED BILLING® mark is associated with Paylogix and with Paylogix' Consolidated Billing® solution.

51. By reason of the foregoing, Paylogix has suffered, and will continue to suffer substantial damages.

### Sixth Claim for Relief: Unfair Competition/Misappropriation

52. Paylogix repeats the allegations contained in paragraphs 1 through 51 above.

53. As discussed above, Benefitfocus's use of Paylogix' CONSOLIDATED BILLING® mark constitutes "palming off" the sale of their goods and services as if they are those of Paylogix.

54. Benefitfocus has, in bad faith, misappropriated the CONSOLIDATED BILLING® mark by taking and using the CONSOLIDATED BILLING® mark, which was created through the expense, skill, and labor of Paylogix.

55. Benefitfocus's use of the CONSOLIDATED BILLING® mark in conjunction with a product that has the same core functionality as Paylogix' Consolidated Billing® solution places Benefitfocus in direct competition with Paylogix.

56. By these actions, Benefitfocus has gained a financial benefit for itself, and has caused financial loss and damages to Paylogix.

### Seventh Claim for Relief: Unjust Enrichment

57. Paylogix repeats the allegations contained in paragraphs 1 through 56 above.

58.     As discussed above, Benefitfocus and Paylogix engaged in business discussions and negotiations over the course of five years for the purpose of negotiating a potential licensing deal for Paylogix' Consolidated Billing® solution.

59.     Benefitfocus has been enriched through the use of Paylogix' CONSOLIDATED BILLING® mark, the goodwill associated with the CONSOLIDATED BILLING® mark, and the association in the industry of Consolidated Billing® with Paylogix.

60.     Paylogix has expended significant effort, time, and money to create, develop, and protect the CONSOLIDATED BILLING® mark and the Consolidated Billing® solution that have been used by Benefitfocus, for Benefitfocus's financial gain.

61.     Benefitfocus has unjustly retained the benefits of the use of Paylogix' CONSOLIDATED BILLING® mark, the meaning associated with the mark, and goodwill associated with Consolidated Billing® and Paylogix® in the industry.

**WHEREFORE**, Paylogix respectfully requests that this Court enter judgment in its favor, and against Benefitfocus, as follows:

(A)     Enjoining Benefitfocus and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons or entities in active concert or participation with Benefitfocus who receive notice of the injunction by personal service or otherwise, from doing, aiding, causing or abetting the following:

   (i)     engaging in any further use of marks that are identical or confusingly similar to the CONSOLIDATED BILLING mark;

   (ii)    directly or indirectly using in commerce an identical or confusingly similar imitation of the CONSOLIDATED BILLING mark in connection

|     |     |
| --- | --- |
|     | with the sale, offering for sale, distribution, promotion, or advertisement of any goods and/or services without authorization from Paylogix; |
| (iii) | using a mark that is identical or confusingly similar to Paylogix' CONSOLIDATED BILLING mark in commercial advertising or promotion, and thus misrepresenting the nature, characteristics, qualities, and/or geographic origin of Benefitfocus's products and services; and |
| (iv) | otherwise engaging in competition unfairly. |

(B) Directing Benefitfocus to file with the Court and serve upon counsel for Paylogix, within thirty (30) days after the entry of the permanent injunction requested in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Benefitfocus has complied with the injunction;

(C) Ordering Benefitfocus to account for and pay to Paylogix all profits derived by reason of Benefitfocus's acts alleged in this Complaint pursuant to 15 U.S.C. § 1117(a), and New York State statutory and common law;

(D) Awarding Paylogix all actual damages it has sustained as a result of Benefitfocus's actions including, without limitation, damage to its business, reputation and goodwill, and the loss of sales and profits that it would have made but for Benefitfocus's acts pursuant to 15 U.S.C. § 1117(a), and New York State statutory and common law;

(E) Finding that this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a);

(F) Awarding Paylogix treble damages pursuant to 15 U.S.C. § 1117(b) and New York State statutory and common law;

(G) Awarding Paylogix punitive damages;

(H)　Awarding Paylogix its costs of suit, including reasonable and necessary attorneys' fees and expenses for the prosecution and appeal, if any, of this matter pursuant to 15 U.S.C. § 1117(a) and New York State statutory and common law;

(I)　Directing Benefitfocus to destroy any goods or marketing materials bearing Paylogix' CONSOLIDATED BILLING mark in the possession or under the control of Benefitfocus;

(J)　Directing Benefitfocus to engage in corrective advertising, at its expense, at a scope commensurate with their advertising and promotion of the infringing marks;

(K)　Awarding Paylogix pre-judgment and post-judgment interest on all sums awarded in the Court's judgment; and

(L)　Granting Paylogix such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Paylogix hereby demands a trial by jury on all claims and issues triable by a jury.

Dated:　July 10, 2018

                                              HAYNES AND BOONE, LLP
*Attorneys for Plaintiff Paylogix LLC*

By:　s/*Richard D. Rochford*
      Richard D. Rochford
      Joseph Lawlor
      Haynes and Boone, LLP
      30 Rockefeller Plaza, 26th Floor
      New York, New York 10112
      (T) 212-659-4984
      (F) 212-884-9572
      richard.rochford@haynesboone.com