**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

PAYLOGIX LLC,

                             Plaintiff,                    Civil Action No. 18-CV-6224-VSB

     -against-

BENEFITFOCUS INC. and
BENEFITFOCUS.COM, INC.

                             Defendants.

------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**BENEFITFOCUS INC.'S AND BENEFITFOCUS.COM, INC.'S MOTION TO DISMISS**
**THE FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

Robert L. Lindholm
280 Park Avenue
15th Floor, West
New York, New York 10017
Tel:  (704) 417-3000
E-Mail: robert.lindholm@nelsonmullins.com

*Attorneys for  Defendants BenefitFocus Inc. and*
*BenefitFocus.Com, Inc.*

# TABLE CONTENTS

*Page*

TABLE OF AUTHORITIES ........................................................................................ ii

I.      PRELIMINARY STATEMENT .................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ....................................................... 2

III.    LEGAL STANDARD .................................................................................... 3

        A.      Motion to Dismiss for Failure to State a Claim ................................. 3

        B.      Motion to Dismiss for Lack of Personal Jurisdiction ....................... 4

IV.     ARGUMENTS ............................................................................................... 5

        A.      THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE
                DISMISSED ........................................................................................ 5

        B.      THE COMPLAINT SHOULD BE DISMISSED AS TO PARENT
                COMPANY BECAUSE IT LACKS ANY SUFFICIENT CONTACTS
                FOR PERSONAL JURISDICTION AND PLAINTIFF FAILS TO
                ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL
                JURISDICTION .................................................................................. 6

                1.      PARENT COMPANY IS NOT SUBJECT TO GENERAL
                        PERSONAL JURISDICTION ................................................ 7

                        a.      Parent Company is Not Subject to General Jurisdiction
                                Under the New York Long-Arm Statute ........................... 7

                        b.      Plaintiff's Incorrect Allegations Do Not Support
                                General Jurisdiction ........................................................ 9

                        c.      Subsidiary's Contacts Do Not Support General Jurisdiction
                                Against the Parent Company ......................................... 11

                2.      PARENT COMPANY IS NOT SUBJECT TO SPECIFIC
                        JURISDICTION IN NEW YORK AND PLAINTIFF'S
                        ALLEGATIONS DO NOT SUPPORT SPECIFIC
                        JURISDICTION .................................................................... 13

                        a.      Specific Jurisdiction over Parent Company is
                                Unsupportable ............................................................... 14

                        b.      Plaintiff's Incorrect Allegations Fail to Establish
                                Specific Jurisdiction ..................................................... 15

        C.      PERSONAL JURISDICTION OVER PARENT COMPANY VIOLATES
                DUE PROCESS ................................................................................ 20

V.      CONCLUSION ........................................................................................... 21

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*,
   828 F. Supp. 2d 557 (E.D.N.Y. 2011) ................................................................................7

*Adamou v. Cty. of Spotsylvania, Va.*,
   No. 112CV07789ALCSN, 2016 WL 1064608 (S.D.N.Y. Mar. 14, 2016),
   *order corrected sub nom. Adamou v. Doyle*, No. 112CV07789ALCSN, 2016
   WL 1389614 (S.D.N.Y. Apr. 7, 2016), *and order clarified sub nom. Adamou
   v. Doyle*, No. 12-CV-07789 (ALC), 2017 WL 1230541 (S.D.N.Y. Jan. 12,
   2017)........................................................................................................................... 16, 18

*Aerotel, Ltd. v. Sprint Corp.*,
   100 F. Supp. 2d 189 (S.D.N.Y. 2000) .................................................................................9

*Aiken v. Nixon*,
   236 F.Supp.2d 211 (N.D.N.Y. 2002) ..................................................................................4

*Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*,
   480 U.S. 102 (1987) ..........................................................................................................20

*Ascension Health v. Am. Int'l Group, Inc.*,
   No. 08 Civ. 7765(PGG), 2009 WL 2195916 (S.D.N.Y. July 23, 2009) .................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................3

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ............................................................................................5

*Babysafe USA, LLC v. Babysense LLC*,
   No. 3:10-CV-1057, 2010 WL 4116906 (N.D.N.Y. Oct. 19, 2010) ......................................17

*Ball v. Metallurgie Hoboken-Overpelt*,
   S.A., 902 F.2d 194 (2d Cir. 1990)........................................................................................4

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   305 F.3d 120 (2d Cir.2002) ...............................................................................................20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................3

*Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996), *aff'd*, 126
   F.3d 25 (2d Cir. 1997)........................................................................................................16

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ..............................................................................................20

*Bracken v. MH Pillars Inc.*,
     No. 15-CV-7302, 2016 WL 7496735 (S.D.N.Y. Dec. 29, 2016) ...........................................16

*Burger King Corp. v. Rudzewicz*,
     471 U.S. 462 (1985) ..................................................................................................13

*Chong v. Healthtronics, Inc.*,
     No. CV-06-1287 SJF MLO, 2007 WL 1836831 (E.D.N.Y. June 20, 2007) ........................12

*Coast to Coast Energy, Inc. v. Gasarch*,
     149 A.D.3d 485, 53 N.Y.S.3d 16 (N.Y. App. Div. 2017) ...................................................19

*Daimler AG v. Bauman*,
     571 U.S. 117 (2014) ..........................................................................................7, 8, 9

*Deitrick v. Gypsy Guitar Corp.*,
     No. 16 CIV. 616 (ER), 2016 WL 7494881 (S.D.N.Y. Dec. 28, 2016) ...........................10, 15

*Doe v. Columbia Univ.*,
     831 F.3d 46 (2d Cir. 2016) .................................................................................................3

*Doe v. Nat'l Conference of Bar Examiners*,
     No. 1:16-CV-264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017)...............................11, 15

*Elcan Indus., Inc. v. Cuccolini*,
     No. 13CV4058(GBD)(DF), 2014 U.S. Dist. LEXIS 37702 (S.D.N.Y. Mar. 21,
     2014)...................................................................................................................................9

*Elsevier, Inc. v. Grossman*,
     77 F. Supp. 3d 331 (S.D.N.Y. 2015)............................................................................17, 18

*Girl Scouts of U.S. v. Steir*,
     102 F. App'x 217 (2d Cir. 2004) .......................................................................................6

*Giusto v. Rose & Womble Realty Co., LLC*,
     No. 15CV5249ADSAYS, 2016 WL 4544038 (E.D.N.Y. Aug. 31, 2016)...........................21

*Gmurzynska v. Hutton*,
     257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004).............................4

*Gucci Am., Inc. v. Weixing Li*,
     768 F.3d 122 (2d Cir. 2014) ...........................................................................8, 9, 10, 11, 12

*Gunther v. Capital One, NA*,
     703 F. Supp. 2d 264 (E.D.N.Y. 2010)..................................................................................6

*Guo Jin v. EBI, Inc.*,
     No. 05-CV-4201-NGG, 2008 WL 896192 (E.D.N.Y. Mar. 31, 20018) ...........................4, 10

*Gurvey v. Cowan, Liebowitz & Latman, PC*,
No. 06CIV.1202, 2009 WL 691056 (S.D.N.Y. Mar. 17, 2009) .........................................4, 19

*Hood v. Ascent Med. Corp.*,
No. 13 CIV. 628 (RWS), 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*,
691 F. App'x 8 (2d Cir. 2017) ....................................................................................................16

*Indelible Media Corp. v. Meat & Potatoes, Inc.*,
No. 12-CV-0978 GBD, 2012 WL 3893523 (S.D.N.Y. Sept. 7, 2012) ...................................17

*Int'l All. of First Night Celebrations, Inc. v. First Night, Inc.*,
No. 3:08-CV-1359, 2009 WL 1457695 (N.D.N.Y. May 22, 2009)........................................21

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ..................................................................................................................20

*Jazini v. Nisan Motor Co.*,
148 F.3d 181 (2d Cir. 1998) ........................................................................................................4

*Jewell v. Music Lifeboat*,
254 F. Supp. 3d 410 (E.D.N.Y. 2017)................................................................................16, 17

*Justiniano v. First Student Mgmt. LLC*,
No. 16CV02729ADSAKT, 2017 WL 1592564, 2017 U.S. Dist. LEXIS 65379
(E.D.N.Y. Apr. 26, 2017) ............................................................................................................8

*Karoon v. Credit Suisse Grp. AG*,
No. 15-CV-4643 (JPO), 2016 WL 815278 (S.D.N.Y. Feb. 29, 2016)...................................17

*Klutz v. Yagoozon, Inc.*,
No. 16 Civ. 4538 (JSR), 2016 WL 5806902 (S.D.N.Y. Sept. 20, 2016) ...............................10

*Kreutter v. McFadden Oil Corp.*,
71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988) ....................................................19

*Lebron v. Encarnacion*,
253 F. Supp. 3d 513 (E.D.N.Y. 2017)..........................................................................................8

*Liaros v. Vaillant*,
No. 93 Civ. 2370, 1996 WL 88559 (S.D.N.Y. Mar.1, 1996) .................................................15

*Lopez v. Shopify, Inc.*,
No. 16CIV9761VECAJP, 2017 WL 2229868 (S.D.N.Y. May 23, 2017), *R. &
R. adopted*, No. 16CV9761VECRWL, 2018 WL 481891 (S.D.N.Y. Jan. 17,
2018)........................................................................................................................................9, 13

*Medina v. Bauer*,
No. 02 Civ. 8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004)................................................5

*Megna v. Biocomp Labs. Inc.*,
　166 F. Supp. 3d 493 (S.D.N.Y. 2016) ...............................................................10

*Merritt v. Airbus Americas, Inc.*,
　No. 15 Civ. 05937, 2016 WL 4483623 (E.D.N.Y. Aug. 22, 2016) .......................10

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
　No. 08-CV-42 JG VVP, 2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011), *R. & R.*
　*adopted*, No. 08-CV-00042 JG VVP, 2012 WL 3307486 (E.D.N.Y. Aug. 13,
　2012) ....................................................................................................................11

*Savage v. Galaxy Media & Mktg. Corp.*,
　No. 11 Civ. 6791(NRB), 2012 WL 2681423 (S.D.N.Y. July 5, 2012) ..............6, 12

*Senese v. Hindle*,
　No. 11-CV-0072 RJD, 2011 WL 4536955 (E.D.N.Y. Sept. 9, 2011), *R. & R.*
　*adopted*, No. 11 CV 72 RJD RLM, 2011 WL 4529359 (E.D.N.Y. Sept. 28,
　2011) ....................................................................................................................20

*Sonera Holding B.V. v. Cukurova Holding A. S.*,
　750 F.3d 221 (2d Cir.) ...........................................................................................8

*Stormhale, Inc. v. Baidu.com, Inc.*,
　675 F. Supp. 2d 373 (S.D.N.Y. 2009) ....................................................................4

*Stroud v. Tyson Foods, Inc.*,
　91 F. Supp. 3d 381 (E.D.N.Y. 2015) .....................................................................17

*TAGC Mgmt., LLC v. Lehman*,
　842 F. Supp. 2d 575 (S.D.N.Y. 2012) ...................................................................18

*Taormina v. Thrifty Car Rental*,
　No. 16-CV-3255, 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016) ..........................13

*Thackurdeen v. Duke Univ.*,
　130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016)......... 7, 8, 13, 14

*Verragio, Ltd. v. Malakan Diamond Co.*,
　No. 16 CIV. 4634 (CM), 2016 WL 6561384 (S.D.N.Y. Oct. 20, 2016).........................4, 6, 7

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
　751 F.2d 117 (2d Cir. 1984) .................................................................................12

*Walden v. Fiore*,
　571 U.S. 277 (2014) .............................................................................................20

*Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*,
　No. 00 CIV. 5663, 2001 WL 1468168 (S.D.N.Y. Nov. 19, 2001) ..........................9

**Rules**                                                                                      **Page(s)**

Fed. R. Civ. P. 8 .............................................................................................................5

Fed. R. Civ. P. 12(b)(2) ............................................................................................ 1, 21

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 3, 21

N.Y. C.P.L.R. § 301 ...................................................................................................7

N.Y. C.P.L.R. § 301(a)(1) .........................................................................................15

N.Y. C.P.L.R. § 302 ............................................................................................. 7, 14

N.Y. C.P.L.R. § 302(a) ........................................................................................ 13, 14

N.Y. C.P.L. R. § 302(a)(1) .................................................................................. 13, 15

N.Y. C.P.L.R. § 302(a)(2) ................................................................................... 14, 16

N.Y. C.P.L.R. § 302(a)(3) ......................................................................... 14, 15, 16, 17

N.Y. C.P.R.L. § 302(a)(4) ................................................................................... 14, 17

Defendant Benefitfocus, Inc. and Defendant Benefitfocus.com, Inc. respectfully move the Court to dismiss all claims for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Benefitfocus, Inc. also moves to be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.      PRELIMINARY STATEMENT

In this case, Plaintiff Paylogix LLC ("Paylogix" or "Plaintiff") alleges an exclusive right to use the generic phrase "Consolidating Billing" in connection with consolidated billing systems and services. (First Am. Compl. ¶ 14, ECF No. 11.) Plaintiff generally alleges that both Defendant Benefitfocus, Inc. ("Parent Company") and Defendant Benefitfocus.com, Inc. ("Subsidiary") (Parent Company and Subsidiary collectively as "Defendants") have infringed its allegedly protected mark. (*Id*. ¶ 1.)

Plaintiff's First Amended Complaint omits the citizenship of both defendants. (*See id*. ¶ 7 (failing to allege citizenship as to either Parent Company or Subsidiary).) Then, Plaintiff indiscriminately imputes nearly all conduct of Subsidiary to Parent Company by treating the two as a joint and monolithic "Benefitfocus." (*Id*. at unnumbered introductory paragraph.) This ploy to establish jurisdiction is both inaccurate and improper. The two companies are separate entities and must each independently be subject to the jurisdiction of this Court. Parent Company, a citizen of Delaware with a principal place of business in South Carolina, lacks any substantial or relevant contacts with New York and is not subject to general or specific personal jurisdiction. Though Plaintiff seeks to litigate this dispute in New York, it has fundamentally failed to properly plead its allegations or to establish jurisdiction over Parent Company.

For the reasons set forth below, Plaintiff's First Amended Complaint is facially deficient and its claims should be dismissed.

1

### III.     STATEMENT OF RELEVANT FACTS

Parent Company is a Delaware corporation. (Parent Decl. ¶ 4, ECF No. 15.) Its principal place of business is in South Carolina. (*Id*. at ¶ 5.) Parent Company has never owned or leased property, maintained employees, an office, a bank account, a mailing address or a telephone number, or qualified to do business in New York. (*Id*. at ¶¶ 8-11, 13.) Parent Company owns Subsidiary, but does not engage in any efforts to sell, market, or provide consumer services or products. (*Id*. at ¶ 6.)

Subsidiary is a South Carolina corporation. (Subsidiary Decl. ¶ 4, ECF No. 16.) Its principal place of business is in South Carolina. (*Id*. at ¶ 5.) Subsidiary has two offices in South Carolina, including a 40 acre, nearly 500,000 square foot headquarters campus, as well as offices in Utah, Oklahoma, and, as of April 2018, New York.  (*Id*.) Subsidiary is in the business of providing cloud-based benefits management services, and its core business is to simplify benefits administration for employers, insurance brokers, and carriers.

Plaintiff submitted its first complaint on July 10, 2018 against Parent Company. (ECF No. 1.) That complaint was re-filed on July 11, 2018 to correct a filing error. (ECF No. 7.) It did not name Subsidiary. Parent Company's counsel contacted Plaintiff's counsel to notify him that he had named the incorrect party. Parent Company's counsel advised Plaintiff's counsel that, as Parent Company is akin to a holding company and could not have conducted any of the alleged acts, an amended complaint was warranted naming only Subsidiary. Nonetheless, Plaintiff subsequently submitted a first amended complaint against both Parent Company and Subsidiary. (ECF No. 10.) After again correcting a deficiency, Plaintiff filed the first amended complaint (the operative pleading) on August 9, 2018. (ECF No. 11.) Plaintiff asserts seven causes of action based

in whole or in part on its claim to the exclusive use of the generic phrase "Consolidated Billing." (*Id.* ¶ 31.)

Plaintiff's First Amended Complaint contains five primary allegations in support of the Court's exercise of personal jurisdiction over Parent Company:

1. Parent Company "conducts certain of its benefit administration business through [Subsidiary]." (*Id.* ¶ 3.)

2. Defendants "have an office at 135 Madison Avenue, New York, NY 10016." (*Id.* ¶ 7.)

3. Defendants "reside[ ] and regularly conduct[ ] business in this District," their "contacts with this District are more significant than [their] contacts with the other districts in this state," "a substantial part of the events giving rise to [Plaintiff's] claims have occurred and are continuing to occur in this District," and Plaintiff's "trademarks at issue are located in this District." (*Id.* ¶ 9.)

4. Defendants' "Northeast operations are centered in its office at 135 Madison Avenue . . . ." (*Id.* ¶ 29.)

5. Defendants "market and sell [their] 'Consolidated Billing' solution from [their] New York City office and to employers, insurers, and brokers within New York." (*Id.* ¶ 30.)

As set forth below, these allegations fails to support personal jurisdiction under any theory.

## IV.   LEGAL STANDARD

### A.  Motion to Dismiss For Failure to State a Claim

"On a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.  Motion to Dismiss for Lack of Personal Jurisdiction**

Plaintiff bears the burden to "prove the existence of personal jurisdiction." *Stormhale, Inc. v. Baidu.com, Inc.*, 675 F. Supp. 2d 373, 375 (S.D.N.Y. 2009). Prior to discovery, a plaintiff must plead in good faith "legally sufficient allegations of jurisdiction" to defeat a motion challenging jurisdiction. *Ball v. Metallurgie Hoboken-Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990). "[C]onclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004). Therefore, if Plaintiff is to prevail, its allegations "must constitute more than legal conclusions restated as statements of fact." *Guo Jin v. EBI, Inc.*, No. 05-CV-4201-NGG, 2008 WL 896192, at *2 (E.D.N.Y. Mar. 31, 20018) (citing *Jazini v. Nisan Motor Co.*, 148 F.3d 181, 184-85 (2d Cir. 1998)). All documents "are to be construed in the light most favorable to the plaintiff, and any doubt is to be resolved in the plaintiff's favor." *Verragio, Ltd. v. Malakan Diamond Co.*, No. 16 CIV. 4634 (CM), 2016 WL 6561384, at *2 (S.D.N.Y. Oct. 20, 2016).

Where a party sues both a parent corporation and its subsidiary, a complainant must allege facts sufficient to support jurisdiction as to both entities. *See, e.g., Gurvey v. Cowan, Liebowitz & Latman, PC*, No. 06CIV.1202, 2009 WL 691056, at *2 (S.D.N.Y. Mar. 17, 2009) (dismissing action against holding company because "[w]hat facts [plaintiff] does offer on this count do not appear to relate to the holding companies, but again to the subsidiaries."). Likewise, a plaintiff cannot defeat a motion to dismiss "with conclusory allegations, unwarranted speculation, unsupported deductions, or legal arguments cast as factual pleadings." *Aiken v. Nixon*, 236 F.Supp.2d 211, 221 (N.D.N.Y. 2002).

## V.   ARGUMENTS

### A. THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED

Federal Rule of Civil Procedure 8 "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks and citation omitted). In this regard, a complaint against multiple defendants must specify the conduct for which *each particular defendant* is allegedly liable.  *See, e.g.*, *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard [of pleading under Rule 8(a)] . . .").

Here, contrary to well-established precedent, Plaintiff lumps Parent Company and Subsidiary together in the Amended Complaint by collectively referencing them as "Benefitfocus" and fails to provide specific factual allegations pertaining to either entity. (First Am. Compl. p. 1. (defining Parent Company and Subsidiary as "collectively" Benefitfocus and pleading allegations generically against this "collective" term). As this Court has recognized, such indiscriminate and generic lumping of allegations against defendants mandates dismissal. *See, e.g., Medina v. Bauer*, No. 02 Civ. 8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong."). Moreover, such a dismissal is equally warranted when the multiple defendants are a parent and subsidiary. *Ascension Health v. Am. Int'l Group, Inc.*, No. 08 Civ. 7765(PGG), 2009 WL 2195916, *2 (S.D.N.Y. July 23, 2009) (granting motion to

dismiss where "the Amended Complaint is devoid of factual allegations demonstrating the direct liability of Defendant AIG, the corporate parent of Defendant National Union" and instead "simply lumps AIG with its subsidiary National Union . . . and impl[ies] that they acted collectively."); *see also Gunther v. Capital One, NA*, 703 F. Supp. 2d 264, 277 (E.D.N.Y. 2010) (granting motion to dismiss where, "[e]xcept for the plaintiff's use of the term 'Defendants' in plural and his allegation that [parent] controls [subsidiary], [parent] is left almost entirely out of the story").

In light of Plaintiff's complete failure to plead particular allegations against each defendant, case law mandates dismissal of this case. *See Savage v. Galaxy Media & Mktg. Corp.*, No. 11 Civ. 6791(NRB), 2012 WL 2681423, *6 n.13 (S.D.N.Y. July 5, 2012) (granting dismissal and noting that "plaintiff's allegations do not differentiate between the three [corporate defendants]" and, "[g]iven the presumption of separateness between corporate entities[,] . . . plaintiff must demonstrate why his declining to distinguish between them is appropriate.").

### B. THE COMPLAINT SHOULD BE DISMISSED AS TO PARENT COMPANY BECAUSE IT LACKS ANY SUFFICIENT CONTACTS FOR PERSONAL JURISDICTION AND PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION

Parent Company is not subject to general or specific personal jurisdiction in New York, and the lack of personal jurisdiction also and independently mandates dismissal of Parent Company.  Because Parent Company is not a New York resident and Plaintiff's federal claims do not provide for nationwide jurisdiction, "the court engages in a two-step inquiry" to determine if Parent Company is subject to personal jurisdiction in New York. *Verragio*, 2016 WL 6561384, at *2; *see also, e.g., Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004) (providing the "Lanham Act does not provide for nationwide service of process").  First, the court determines whether New York law permits the exercise over Parent Company of either general jurisdiction

under N.Y. C.P.L.R. § 301 or specific jurisdiction under N.Y. C.P.L.R. § 302. 2016 WL 6561384, at *2. Second, if jurisdiction is permitted under the long-arm statute, the court determines whether the exercise of such jurisdiction comports with the requirements of Due Process. *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 563 (E.D.N.Y. 2011).

As set forth below, Parent Company should be dismissed for lack of personal jurisdiction because (1) Parent Company lacks sufficient contacts with New York, (2) Plaintiff does not show Parent Company is at home in New York, (3) Plaintiff relies on conclusory and incorrect allegations, and (4) Plaintiff erroneously conflates Parent Company with Subsidiary.

## 1. PARENT COMPANY IS NOT SUBJECT TO <u>GENERAL</u> PERSONAL JURISDICTION

### a. Parent Company is not Subject to General Jurisdiction Under the New York Long-Arm Statute

New York's general jurisdiction long-arm statute, N.Y. C.P.L.R. § 301, fails to provide general personal jurisdiction over Parent Company. "Section 301 preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798–99 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) (internal quotations omitted). The Supreme Court has further clarified that the appropriate inquiry in determining whether a foreign corporation is subject to general jurisdiction in a state is whether that corporation's in-forum contacts "are so continuous and systematic as to render [the corporation] essentially at home in the forum State." *Daimler AG v. Bauman,* 571 U.S. 117 (2014) (internal quotations omitted). "Only in an 'exceptional case' will 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as

to render the corporation at home in the state.'" *Thackurdeen*, 130 F. Supp. 3d at 798–99 (quoting *Daimler* 571 U.S. at 139 n. 19); *see also, e.g., Lebron v. Encarnacion*, 253 F. Supp. 3d 513, 518–19 (E.D.N.Y. 2017) ("[W]hat has become clear after *Goodyear* and *Daimler* is that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there.").

The Second Circuit analyzed the impact of *Daimler* on New York law in *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014). The *Gucci* Court found that although a bank had two branches in New York it was not subject to general jurisdiction because it was not incorporated in the state and did not have its principal place of business there. *Id.* at 135. The *Gucci* Court determined that the bank's contact with the state was not "so continuous and systematic as to render [the bank] essentially at home in the forum." *Id.* As a result, the bank was not subject to general jurisdiction in New York. *Id.*; *see also, e.g., Sonera Holding B.V. v. Cukurova Holding A. S.*, 750 F.3d 221, 226 (2d Cir.) ("[E]ven a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum.") (internal quotation and alterations omitted). Thus, *Daimler* marked a dramatic tightening of this District's general jurisdiction over non-resident corporate defendants. *Encarnacion*, 253 F. Supp. 3d at 518 (explaining *Daimler* "eschewed New York's traditional 'doing business' standard in favor of an inquiry into whether a defendant's affiliations with New York rendered it essentially 'at home'" in the state); *Justiniano v. First Student Mgmt. LLC*, No. 16CV02729ADSAKT, 2017 WL 1592564, at *4, 2017 U.S. Dist. LEXIS 65379, at *9 (E.D.N.Y. Apr. 26, 2017) (collecting cases for the proposition that *Daimler* "changed the law of general jurisdiction, making it substantially more difficult to establish that type of jurisdiction").

Here, Parent Company is a Delaware corporation with a principal place of business in South Carolina. (Parent Decl. ¶ 5.) It does not market or sell products or services at all—let alone

market and sell from or in New York.[1] (Parent Decl. ¶¶ 6, 8-10, 12, 16.) It does not own or lease an office in New York. (*Id*. ¶¶ 8, 9, 17.)[2] Likewise, it does not pay the rent, salaries, or any expenses associated with Subsidiary's office. (*Id*. ¶ 17.) Finally, the mere listing of Parent Company on the NASDAQ stock exchange is insufficient to establish general personal jurisdiction. *See Lopez v. Shopify, Inc.*, No. 16CIV9761VECAJP, 2017 WL 2229868, at *7 (S.D.N.Y. May 23, 2017), *R. & R. adopted*, No. 16CV9761VECRWL, 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018). Thus, under *Daimler* and as explained by *Gucci*, Parent Company is not subject to general personal jurisdiction in New York. *See, e.g., Elcan Indus., Inc. v. Cuccolini*, No. 13CV4058(GBD)(DF), 2014 U.S. Dist. LEXIS 37702, at *7 (S.D.N.Y. Mar. 21, 2014) (explaining that "[a] court considering a motion to dismiss for lack of personal jurisdiction may consider all pertinent documentation submitted by the parties because such a motion is inherently a matter requiring the resolution of factual issues outside of the pleading") (internal quotations omitted).

### b. Plaintiff's Incorrect Allegations Do Not Support General Jurisdiction

Even if Plaintiff's incorrect allegations against Parent Company are considered, they are insufficient to show Parent Company is "essentially at home" in New York. (First Am. Compl. ¶¶ 7, 9, 29, 30 (alleging Defendants collectively "reside[ ]," "regularly conduct[ ] business," "market and sell" in and from an office in New York).)

---

[1] Yet even if Parent Company sold products in New York, "[m]ere solicitation of business or mere sales in New York" does "not constitute a corporate presence in New York." *Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 CIV. 5663, 2001 WL 1468168, at *5 (S.D.N.Y. Nov. 19, 2001) (citations omitted).

[2] To the extent Plaintiff drew these allegations from press releases issued by Parent Company or Subsidiary, statements "intended to be read by the consuming public, cannot create a single entity structure given the sophistication and complexity of today's corporate world." *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 193 (S.D.N.Y. 2000).

First, as the discussion of *Gucci* above makes clear, the allegations that Parent Company "resides and regularly conducts business" and "market[s] and sell[s]" in New York are woefully insufficient to establish personal jurisdiction. *See Gucci*, 768 F.3d 122 (finding no general jurisdiction despite bank having two branches in New York). Thus, even if considered, Plaintiff's conclusory allegations are insufficient for general jurisdiction. *Compare* First Am. Compl. ¶¶ 9 & 30 *with Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493, 500 (S.D.N.Y. 2016) (dismissing for lack of personal jurisdiction because the allegation Defendant "direct[s] substantial and continuous activities at the residents of New York" is "merely a conclusory assertion that is not sufficient to establish personal jurisdiction"); *Deitrick v. Gypsy Guitar Corp.*, No. 16 CIV. 616 (ER), 2016 WL 7494881, at *5 (S.D.N.Y. Dec. 28, 2016) (dismissing complaint for lack of personal jurisdiction because "conclusory claim that [defendant] sells guitars through retailers in New York is insufficient for a prima facie showing of jurisdiction"); *Klutz v. Yagoozon, Inc.*, No. 16 Civ. 4538 (JSR), 2016 WL 5806902, at *2 (S.D.N.Y. Sept. 20, 2016) ("Plaintiff's conclusory allegation [that defendant did business in New York] is insufficient to establish personal jurisdiction"); *Merritt v. Airbus Americas, Inc.*, No. 15 Civ. 05937, 2016 WL 4483623, at *2 (E.D.N.Y. Aug. 22, 2016) ("Plaintiff's allegations in the Amended Complaint that [defendant] 'regularly conducts business in the State of New York' is no more than a legal conclusion insufficient on its own to establish jurisdiction."); *Guo Jin*, 2008 WL 896192, at *2 (dismissing action based on conclusory allegations that [1] "Defendants contracted . . . to supply services in the State of New York" and [2] "Defendants have derived substantial revenue from their immigration services performed in New York").

Similarly, Plaintiff's bare (and incorrect) allegation that Parent Company occupies an "office" on Madison Avenue is equally conclusory and insufficient for general jurisdiction. (First

Am. Compl. ¶¶ 7, 29.) *Gucci* along makes this point indisputable. *See Gucci*, 768 F.3d 122 (finding no general jurisdiction despite bank having two branches in New York). Moreover, the New York office is that of Subsidiary and not Parent Company, which further renders personal jurisdiction over Parent Company improper. *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP, 2011 WL 7053807, at *39 (E.D.N.Y. Jan. 4, 2011), *R. & R. adopted*, No. 08-CV-00042 JG VVP, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012) (rejecting a similar allegation that "Defendants maintain offices, have agents, transact business, or are found within this Judicial District" because the complaint showed that the "offices" were "the New York offices of their subsidiaries or affiliates"); *see* First Am. Compl. ¶ 7 (stating Subsidiary has "an office at 135 Madison Avenue, New York"); Subsidiary Decl. ¶ 6 (confirming that only Subsidiary, and *not* Parent Company, maintains a New York office).) Regardless, as noted, the existence of a single office is wholly insufficient to establish general personal jurisdiction.

In sum, Parent Company is simply "not at home" and subject to general personal jurisdiction in New York *even if* Plaintiff's threadbare and incorrect allegations were accepted as true. *See Doe v. Nat'l Conference of Bar Examiners*, No. 1:16-CV-264 (PKC), 2017 WL 74715, at *9 (E.D.N.Y. Jan. 6, 2017) (explaining that "aside from Plaintiff's conclusory assertions in her brief, the record before the Court is devoid of any evidence" supporting the allegations and that, "[w]ithout more, such conclusory assertions are insufficient to demonstrate personal jurisdiction").

### c. Subsidiary's Contacts Do Not Support General Jurisdiction Against the Parent Company

Despite its jurisdictional allegations improperly conflating Parent Company and Subsidiary as a monolithic "Benefitfocus" (First Am. Compl. ¶ 3 (alleging Parent Company "conducts certain of its benefit administration business through" Subsidiary); *id*. ¶¶ 7, 29 (treating Defendants

jointly)), Parent Company and Subsidiary are distinct corporate entities and Subsidiary's presence in New York does not establish personal jurisdiction as to Parent Company. *Chong v. Healthtronics, Inc.*, No. CV-06-1287 SJF MLO, 2007 WL 1836831, at *6 (E.D.N.Y. June 20, 2007) ("The mere presence of a subsidiary in New York, without more, is insufficient to establish the parent company's presence in the state for jurisdiction purposes.").

For a foreign corporation to be subject to personal jurisdiction in New York based on its subsidiary alone, the local subsidiary must be "an agent or a mere department of the parent company." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984). Plaintiff's First Amended Complaint is devoid of *any* well-pleaded allegations that, even if true, would support a finding that Subsidiary is an agent or mere department of Parent Company. Instead, Parent Company and Subsidiary are distinct corporate entities and Plaintiff has failed to allege any basis to impute Subsidiary's conduct to Parent Company. *See Galaxy Media & Mktg. Corp.*, No. 11 Civ. 6791(NRB), 2012 WL 2681423, *6 n.13 (granting motion to dismiss and noting that "plaintiff's allegations do not differentiate between the three [corporate defendants]. Given the presumption of separateness between corporate entities . . . plaintiff must demonstrate why his declining to distinguish between them is appropriate.").

Regardless, *even if* Plaintiff could somehow impute Subsidiary's contacts to Parent Company, which it cannot, such contacts would nonetheless fail to establish general personal jurisdiction since Subsidiary is not subject to general jurisdiction. (*See* Subsidiary Decl. ¶¶ 5, 7 (Subsidiary is a South Carolina entity having a principal place of business in South Carolina, where it has two offices including a 40 acre, nearly 500,000 square foot headquarters campus and has only one outpost office in New York employing less than one percent of its workforce)); *see Gucci*, 768 F.3d at 135 (providing that one out of four offices insufficient for general personal

jurisdiction); *see also, e.g., Shopify, Inc.*, 2017 WL 2229868, at *7 (dismissing lawsuit for lack of personal jurisdiction where foreign corporate defendant (1) trades on the New York Stock Exchange; (2) has multiple customers in New York; (3) ran several promotional events in New York; and (4) has an office). Thus, Plaintiff failed to support any reason to impute Subsidiary's contacts to Parent Company, but even if such contacts were imputed general jurisdiction is still lacking. *See, e.g., Thackurdeen*, 130 F. Supp. 3d at 799.

### 2. PARENT COMPANY IS NOT SUBJECT TO <u>SPECIFIC JURISDICTION IN NEW YORK</u> AND PLAINTIFF'S ALLEGATIONS DO NOT SUPPORT SPECIFIC JURISDICTION

As Parent Company is not subject to general jurisdiction in New York, Plaintiff must show, but has not shown and cannot show, that Parent Company is subject to specific jurisdiction based on the New York long-arm statute. N.Y. C.P.L.R. § 302(a). Specific jurisdiction must be established on a claim-by-claim basis and exists where the "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted); *Taormina v. Thrifty Car Rental*, No. 16-CV-3255, 2016 WL 7392214 at *3 (S.D.N.Y. Dec. 21, 2016) ("Because specific jurisdiction is claim-specific, a court must have specific jurisdiction over each of the Plaintiff's claims.").

The New York long-arm statute empowers New York courts to exercise specific jurisdiction over non-domiciliaries *for causes of action arising from* one of four specific kinds of contact with New York. *Thackurdeen*, 130 F. Supp. 3d at 798. These contacts include the following to the extent that the activity is related to the underlying cause of action:

(1) "[T]he transaction of any business within the state or contracts anywhere to supply goods or services in New York[.]" *Id.* (citing N.Y. C.P.R.L. § 302(a)(1)).

13

(2) "[T]he commission of a tortious act within this state[.]" *Id*. (citing N.Y. C.P.R.L. § 302(a)(2)).

(3) "[T]he commission of a tortious act without the state causing injury within the state so long as the tortfeasor either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services render[ed], in New York or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]" *Id*. (citing N.Y. C.P.R.L. § 302(a)(3)).

(4) "[T]he ownership, use, or possession of any real property within New York." *Id.*, 130 F. Supp. 3d at 801 (citing N.Y. C.P.R.L. § 302(a)(4)).

Plaintiff entirely fails to allege which, if any, of these long-arm bases would provide specific jurisdiction over Parent Company. (First Am. Compl. ¶ 8.) The Court should dismiss this action because, as explained below, Plaintiff cannot establish personal jurisdiction for each cause of action under any section of the New York long-arm statute.

### a. **Specific Jurisdiction over Parent Company is Unsupportable**

As explained above, Parent Company does not transact business concerning the alleged trademark in New York, has not offered services or products pertaining to that trademark in or targeted to New York, does not own or use property in New York, and has no relevant contacts with New York. (Parent Decl. ¶¶ 8-18.) Under such circumstances, Parent Company is not subject to specific jurisdiction under the New York long-arm statute. *See* N.Y. C.P.L.R. § 302 (requiring for long-arm jurisdiction that the defendant either transacted business in New York relating to the allegations, committed alleged tortious conduct in New York resulted in an injury in New York or committed alleged tortious conduct outside of New York causing reasonably foreseeable injury in New York, or own or use real property in New York relating to the causes of action).

14

b. **Plaintiff's Incorrect Allegations Fail to Establish Specific Jurisdiction**

Moreover, Plaintiff's sparse and collective allegations against Defendants fail to support specific personal jurisdiction over Parent Company. Plaintiff has merely alleged that (1) Defendants "have an office at 135 Madison Avenue" from which they (2) "market and sell" allegedly infringing services. (First Am. Compl. ¶¶ 7, 30.)  In addition to improperly lumping Defendants together and being factually unsupported as discussed above, these allegations fail to support specific personal jurisdiction over Parent Company.

First, as explained above, Parent Company has not transacted any business relevant to the claims in this case in such acts, and Plaintiff's contrary conclusory allegations are insufficient to establish specific jurisdiction. *Liaros v. Vaillant*, No. 93 Civ. 2370, 1996 WL 88559, *5 (S.D.N.Y. Mar.1, 1996) (noting that conclusory allegations of transacting business, without more, "cannot suffice to establish personal jurisdiction under section 302(a)(1)"); *see also, e.g., Doe v. Nat'l Conference of Bar Examiners*, No. 1:16-CV-264 (PKC), 2017 WL 74715, at *8 (E.D.N.Y. Jan. 6, 2017) ("More than limited contacts are required for purposeful activities sufficient to establish that the non-domiciliary transacted business in New York.") (internal quotations omitted); *accord Deitrick v. Gypsy Guitar Corp.*, No. 16 CIV. 616 (ER), 2016 WL 7494881, at *5 (S.D.N.Y. Dec. 28, 2016) (explaining that "[n]othing in the record indicates that [Defendant] had or did any business in New York" and that "Plaintiff's conclusory claim that [Defendant] sells guitars through retailers in New York is insufficient for a prima facie showing of jurisdiction" under Section 301(a)(1)) (footnote omitted). Here, the lumped-together conclusory allegation that Defendants conduct business in New York pertaining to the alleged trademark is insufficient to satisfy Section 302(a)(1).

Similarly, "[c]onclusory allegations that torts were committed in New York. . . without more, cannot be the basis for specific personal jurisdiction under C.P.L.R. § 302(a)(2) or § 302(a)(3)." *Hood v. Ascent Med. Corp.*, No. 13 CIV. 628 (RWS), 2016 WL 3453656, at *3 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017). Here, Plaintiff alleges simply that Parent Company "market[s] and sell[s]" the accused services from a "New York City office." (First Am. Compl. ¶ 30.) In addition to being factually incorrect, it is axiomatic that such conclusory allegations do not establish jurisdiction pursuant to Sections 302(a)(2) and (3). *See, e.g., Bracken v. MH Pillars Inc.*, No. 15-CV-7302, 2016 WL 7496735, at *5 (S.D.N.Y. Dec. 29, 2016) (finding allegation that defendant is "located" in New York to be "simply too vague to serve as a basis for specific jurisdiction" under either N.Y.C.P.L.R. §§ 302(a)(2) or (3)).  Moreover, this allegation again lacks any requisite factual support.  *See Adamou v. Cty. of Spotsylvania, Va.*, No. 112CV07789ALCSN, 2016 WL 1064608, at *10 (S.D.N.Y. Mar. 14, 2016), *order corrected sub nom. Adamou v. Doyle*, No. 112CV07789ALCSN, 2016 WL 1389614 (S.D.N.Y. Apr. 7, 2016), *and order clarified sub nom. Adamou v. Doyle*, No. 12-CV-07789 (ALC), 2017 WL 1230541 (S.D.N.Y. Jan. 12, 2017) (explaining "while the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant, the plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported") (internal citations and alterations omitted)).

In addition, both Sections 302(a)(2) and (3) require a plaintiff to allege that it sustained damages *in New York* from the tortious conduct. *See, e.g., Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 421 (E.D.N.Y. 2017); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). Here, Plaintiff makes no allegations of sustaining damages in New York from Parent Company's actions (First Am. Compl. ¶¶ 34, 39, 45,48, 51, 56

16

(merely and generally alleging "substantial damages")), and this deficiency further, and independently, renders specific jurisdiction improper under Sections 302(a)(2) and (3). *See, e.g., Indelible Media Corp. v. Meat & Potatoes, Inc.*, No. 12-CV-0978 GBD, 2012 WL 3893523, at *5 (S.D.N.Y. Sept. 7, 2012) (finding allegations that a plaintiff "lost potential sales and customers in New York" to be "conclusory" and "not enough to establish there was injury in New York."); *Babysafe USA, LLC v. Babysense LLC*, No. 3:10-CV-1057, 2010 WL 4116906, at *3 (N.D.N.Y. Oct. 19, 2010) (finding no jurisdiction under § 302(a)(3)(ii) because, despite "acknowledging that Plaintiff resides in New York, the Complaint, nonetheless, does not specify any direct harm in New York").[3]

Plaintiff also fails to establish specific jurisdiction under the fourth basis of the long arm statute, § 302(a)(4). "[T]o allege personal jurisdiction over a non-domiciliary defendant under Section 302(a)(4), a plaintiff must demonstrate a relationship between the property and the cause of action sued upon." *Karoon v. Credit Suisse Grp. AG*, No. 15-CV-4643 (JPO), 2016 WL 815278, at *5 (S.D.N.Y. Feb. 29, 2016) (quoting *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381 (E.D.N.Y. 2015)). Under this section, "it is not enough for the property to be related in some way to the parties' dispute; the plaintiff's cause of action must *arise out of the fact of ownership, use or*

---

[3]  As to Section 302(a)(3) only, the First Amended Complaint also fails to provided well-pleaded allegations to establish Parent Company draws revenue from interstate commerce. *Jewell*, 254 F. Supp. 3d at 421 (requiring plaintiff establish "defendants derive substantial revenue from interstate or international commerce"). Plaintiff makes no allegations as to instate commerce. Rather, Plaintiff—again conflating Defendants and discarding their corporate forms—simply and generally alleges Parent Company "has reaped substantial profits." (First Am. Compl. ¶¶ 34, 39, 45, 48, 56.) This allegation is insufficient for specific jurisdiction under N.Y. C.P.L.R. § 302(a)(3). *Jewell*, 254 F. Supp. 3d at 422 (finding no specific jurisdiction where there were "no allegations" defendant "derives any revenue from interstate commerce").

*possession of New York realty.*" *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) (emphasis added).

Here, the parties' dispute has *nothing* to do with New York real estate; instead, it is a *trademark* dispute and it is not even alleged that the trademark is present at the alleged New York office of Subsidiary.  (*See* First Am. Compl. ¶ 30 (merely, and incorrectly, alleging that the accused *services* are offered collectively by Defendants from a New York office, but failing to alleged that the trademark is conveyed or advertised to customers at that location).  Such allegations fail to support specific jurisdiction.

In *Elsvier*, for example, defendant was accused of subscription fraud by a journal publisher. 77 F. Supp. 3d at 339. The court found defendant's New York property, where many of the journals were delivered, was not where the causes of action "derive[d] from." 77 F. Supp. 3d at 346. Rather, Plaintiff's claims could be maintained "irrespective of" Defendant's use of the New York property and therefore property alone was insufficient to allow specific jurisdiction. *Id*. In similar fashion, Plaintiff's minimal jurisdictional allegations in this case formulaically recite "market[ing] and sales" by Parent Company from a Madison Avenue office. (First Am. Compl. ¶ 30.)[4] But, just as in *Elsvier*, Plaintiff's conclusory allegations do not establish that any of the causes of action arose from any such office. *See TAGC Mgmt., LLC v. Lehman*, 842 F. Supp. 2d 575, 582 (S.D.N.Y. 2012) (finding no jurisdiction where plaintiff provided "webpage printout from [defendants'] website indicating the contact information for its New York office and the conclusory statement that individual defendants conduct business through the office located at 410 Park Avenue, New York."). Moreover, any such actions relating to the use of the term "Consolidated Billing" are

---

[4] As set forth above, Parent Company does not have a Madison Avenue office. (Parent Decl. ¶¶ 5, 17.)

conducted solely by Subsidiary and do not subject Parent Company to personal jurisdiction. *See Adamou*, 2016 WL 1064608, at *10 (explaining a "plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations" and that "the prima facie showing must be factually supported") (internal quotation marks and citations omitted).

Finally, as with general jurisdiction, any attempt by Plaintiff to  rely on an agency theory to impute Subsidiary's contacts to Parent Company is unsupported and unsupportable.  (*See* First Am. Compl. ¶ 3.) To establish that a defendant acted through an agent, Plaintiff must "convince the court that [the New York actors] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of [the defendant] and that [the defendant] exercised some control over [the New York actors]." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988). "To make a prima facie showing of control, a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a primary actor in the specific matter in question; control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Coast to Coast Energy, Inc. v. Gasarch*, 149 A.D.3d 485, 486–87, 53 N.Y.S.3d 16, 19 (N.Y. App. Div. 2017) (internal quotations omitted).

Here, Plaintiff fails to make any allegations as to the "control" of Subsidiary by Parent Company. Where a plaintiff makes "very little effort to distinguish between the activities of the holding company and those of the subsidiaries and has failed to demonstrate agency or other justification for ignoring the corporate forms between entities," the plaintiff's allegations "concerning business transactions within New York do not link the operative facts of this case to the holding companies themselves." *Gurvey*, No. 06CIV.1202, 2009 WL 691056, at *4 (S.D.N.Y.

Mar. 17, 2009). As such and despite Plaintiff's lumped-together pleading, Subsidiary's contacts cannot be imputed to Parent Company.

### C. PERSONAL JURISDICTION OVER PARENT COMPANY VIOLATES DUE PROCESS

Exercising personal jurisdiction over Parent Company would also violate constitutional due process. The Court need not reach this issue given that Plaintiff failed to meet its burden to show general or specific jurisdiction under the long-arm statute. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (providing that a court should reach the constitutional issue "[i]f, but only if," the forum state's laws are first deemed to confer personal jurisdiction). Nevertheless, "the deficiencies in plaintiff's prima facie showing of jurisdiction under New York law likewise render the assertion of jurisdiction constitutionally infirm." *Senese v. Hindle*, No. 11-CV-0072 RJD, 2011 WL 4536955, at *16 (E.D.N.Y. Sept. 9, 2011), *R. & R. adopted*, No. 11 CV 72 RJD RLM, 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011).

To establish specific personal jurisdiction, the defendant's "suit-related conduct" must create the necessary connection to the forum state. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). The defendant's connection to the forum must arise out of contacts the "defendant himself creates," and those contacts must be between the defendant and "the forum [s]tate itself, not . . . persons who reside there." 571 U.S. at 284. To show minimum contacts, the plaintiff must demonstrate that the defendant "purposefully availed" itself of the privilege of doing business in the forum and "could foresee being haled into court there." *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir.2002). However, the foreseeability of causing harm in the

forum state, without more, is not enough to establish minimum contacts. *See Walden*, 571 U.S. at 289.[5]

Parent Company does not maintain offices or employees in New York. (Parent Decl. ¶¶ 8-10.) It does not have a telephone listing in New York. (*Id*. at ¶ 13.) It does not hold bank accounts in New York. (*Id*. at ¶ 11.) It is not registered to do business in New York. (*Id*. at ¶ 14.) It has never filed a lawsuit in New York. (*Id*.) Accordingly, Parent Company lacks minimum contacts with New York, could not foresee being haled into court there, and jurisdiction over Parent Company would not satisfy Due Process. *See, e.g., Giusto v. Rose & Womble Realty Co., LLC*, No. 15CV5249ADSAYS, 2016 WL 4544038, at *10 (E.D.N.Y. Aug. 31, 2016); *Int'l All. of First Night Celebrations, Inc. v. First Night, Inc.*, No. 3:08-CV-1359, 2009 WL 1457695, at *5 (N.D.N.Y. May 22, 2009).

## VI.     CONCLUSION

For the reasons herein, Plaintiff fails to submit properly-pled allegations sufficient to state a cause of action against Benefitfocus, Inc. or Benefitfocus.com, Inc. Accordingly, Benefitfocus, Inc. and Benefitfocus.com, Inc. respectfully request the Court dismiss them, with prejudice, from the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, Plaintiff has failed to allege well-pleaded facts sufficient to establish the Court's general or specific personal jurisdiction over foreign defendant Benefitfocus, Inc. For this additional reason, Benefitfocus, Inc. should be dismissed with prejudice from the instant action pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[5] Once a plaintiff is able to establish the requisite minimum contacts, the court must then consider whether the exercise of jurisdiction would be so unreasonable as to "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: s/Robert L. Lindholm
Robert L. Lindholm
280 Park Avenue
15th Floor, West
New York, New York 10017
Tel:  (704) 417-3000
E-Mail: robert.lindholm@nelsonmullins.com

*Attorneys for  Defendants BenefitFocus Inc. and
BenefitFocus.Com, Inc.*

22