```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
PAYLOGIX LLC,                                         :
                                                      :
                              Plaintiff,              :
                                                      :              18-CV-6224 (VSB)
              -against-                               :
                                                      :              **OPINION & ORDER**
BENEFITFOCUS INC. and                                 :
BENEFITFOCUS.COM, INC.,                               :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

Appearances:

Richard D. Rochford, Jr.
Joseph Craig Lawlor
Haynes and Boone, LLP
New York, NY
*Counsel for Plaintiff*

Ashley Boland Summer
Robert Lauri Lindholm, Jr.
Nelson Mullins Riley & Scarborough LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Paylogix LLC ("Plaintiff") brings this action against Defendants Benefitfocus, Inc. ("Benefitfocus Parent") and Benefitfocus.com, Inc. ("Benefitfocus Subsidiary," and collectively "Defendants") for (1) trademark and service mark infringement, (2) false association and sponsorship, (3) unfair competition, (4) misappropriation, and (5) misrepresentation under the Lanham Act, 15 U.S.C. §§ 1051, et seq. Plaintiff also alleges violations of associated New York statutory and common laws.

Before me is Defendants' motion to dismiss Benefitfocus Parent pursuant to Federal Rule of Civil Procedure 12(b)(2), and to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because jurisdictional discovery is necessary to determine whether or not personal jurisdiction exists over Defendant Benefitfocus Parent, Defendants' motion to dismiss is DENIED with leave to re-file after the close of jurisdictional discovery.

I. **Background**[1]

"Paylogix is a benefit administrator that offers, among other things, a payroll management and deduction solution under the brand Consolidated Billing®." (FAC ¶ 2.)[2] These services are provided to the insurance industry. (*Id.* ¶ 10.) Consolidated Billing is a payroll management and deduction solution that allows multiple products from multiple carriers to be billed and paid in one online bill. (*Id.* ¶¶ 2, 15.) The Consolidated Billing service is used by over 850 employers. (*Id.* ¶ 18.)

Plaintiff filed a United States trademark application for Consolidated Billing on March 6, 2000, and the Consolidated Billing mark was registered on September 28, 2004. (*Id.* ¶¶ 11–12.) On February 15, 2011, the U.S. Patent and Trademark Office acknowledged the filing of an affidavit pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065. (*Id.* ¶ 13.) Consolidated Billing is an uncontestable mark. (*Id.* ¶ 14.) Plaintiff publicly describes Consolidated Billing solution as allowing "multiple products from multiple carriers to be billed and paid in one online bill." (*Id.* ¶ 15.)

In both 2011 and 2015, Plaintiff and Benefitfocus[3] discussed a potential business

---

[1] The following facts are taken from the First Amended Complaint. (Doc. 11.) My reference to the factual allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "FAC" refers to the First Amended Complaint, dated August 9, 2018. (Doc. 11.)

[3] As discussed below, the parties disagree about whether Benefitfocus Parent, Benefitfocus Subsidiary, or both communicated with Plaintiff and/or transacted business in New York. A reference to "Benefitfocus" without specifying "Parent" or "Subsidiary" is an indication that the FAC does not identify whether the facts alleged apply

2

relationship in which Plaintiff would license the Consolidated Billing solution to Benefitfocus. (*Id.* ¶¶ 23–24.) On both occasions, the parties entered into non-disclosure agreements, but they ultimately did not reach agreement on a business relationship. (*Id.*) In 2017, despite the lack of agreement, Benefitfocus launched a Consolidated Billing product of its own, which it described as "a solution to manage the multiple vendors and providers that HR departments use to provide employee benefits." (*Id.* ¶¶ 25–26.)

On April 2, 2018, Benefitfocus Parent issued a press release titled, "Benefitfocus Expands Operations, Opens Office in New York City" ("April Press Release"), in which it announced that it had opened a new office located at 135 Madison Avenue, New York, NY 10016 ("New York Office"). (*See* Lawlor Decl. Ex. C; *see also* FAC ¶ 29.)[4] Benefitfocus runs its northeast operations from the New York Office, where it serves "[a] significant number of large enterprise employers" who "rely on the Benefitfocus platform to optimize benefit offerings and provide employees with access to a greater choice of core and voluntary benefits." (*See* Lawlor Decl. Ex. C; *see also* FAC ¶ 29.) Benefitfocus markets and sells its own Consolidated Billing solution from the New York Office to employers, insurers, and brokers within New York. (FAC ¶ 30.)

## II. **Procedural History**

Plaintiff filed this action on July 11, 2018, (Doc. 7), and filed its First Amended Complaint ("FAC") on August 9, 2018, (Doc. 11). On August 27, 2019, Defendants filed the instant motion to dismiss the FAC, (Doc. 13), as well as a memorandum of law, (Doc. 14), and declarations in support of their motion, (Docs. 15–16). On September 28, 2018, Plaintiff filed a

---

to the Parent, Subsidiary, or both.

[4] "Lawlor Decl." refers to the Declaration of Joseph Lawlor in opposition to the motion to dismiss, dated September 28, 2018. (Doc. 19.)

3

memorandum and declaration in opposition to Defendants' motion. (Docs. 18–19.) On October 15, 2018, Defendants filed their reply and an affidavit in support of the original motion. (Docs. 22–23.)

## III. Legal Standard

When a defendant moves for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) (citation omitted). A plaintiff may make such a showing by "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* at 35 (internal quotation marks omitted). In considering motions to dismiss pursuant to Rule 12(b)(2), the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

In considering the pleadings and supporting materials, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993); *accord Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). A court is "'not bound to accept as true a legal conclusion couched as a factual allegation,' and a plaintiff may not rely on 'conclusory non-fact-specific jurisdictional allegations' to overcome a motion to dismiss." *Doe v. Del. State Police*, No. 10-CV-3003

4

(KMK), 2013 WL 1431526, at *3 (S.D.N.Y. Apr. 4, 2013) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (internal quotation marks and citations omitted).

### IV. Discussion

Defendants assert that Benefitfocus Parent and Benefitfocus Subsidiary are distinct corporate entities that should not be treated collectively for jurisdictional or liability purposes. (*See* Defs.' Mem. 1.)[5] According to Defendants, Benefitfocus Parent is a Delaware corporation that maintains its sole location in Charleston, South Carolina, (First Dussault Decl. ¶¶ 4–5),[6] and Benefitfocus Subsidiary is a South Carolina corporation, with its principal place of business in Charleston, South Carolina, (Second Dussault Decl. ¶¶ 4–5).[7] Benefitfocus Parent is the sole owner of Benefitfocus Subsidiary. (First Dussault Decl. ¶ 6.) Defendants assert that Benefitfocus Parent is merely a holding company that does not sell or offer any consumer services or products. (*Id.*; *see also* Defs.' Mem. 2, 19.) They also assert that Benefitfocus Parent

---

[5] "Defs.' Mem." refers to Memorandum of Law in Support of Benefitfocus Inc.'s and Benefitfocus.com, Inc.'s Motion to Dismiss the First Amended Complaint for Injunctive and Other Relief," dated August 27, 2018. (Doc. 14.)

[6] "First Dussault Decl." refers to the Declaration of Jonathon E. Dussault in Support of Defendants' Motion to Dismiss, submitted in his capacity as Chief Financial Officer of Benefitfocus Parent, and dated August 26, 2018. (Doc. 15.)

[7] "Second Dussault Decl." refers to the Declaration of Jonathon E. Dussault in Support of Defendants' Motion to Dismiss, submitted in his capacity as Chief Financial Officer of Benefitfocus Subsidiary, and dated August 26, 2018. (Doc. 16.)

"does not own, lease, rent, or use real estate in New York"; does not have any employees, banking accounts, business operations, or a telephone number in New York; has never been registered to do business in New York or filed a lawsuit in New York; and "does not and has never engaged in service in New York or elsewhere using the name 'Consolidated Billing.'" (First Dussault Decl. ¶¶ 8–16.) Defendants therefore argue that Benefitfocus Parent should be dismissed because Plaintiff fails to establish personal jurisdiction over it.

For the reasons that follow, I find that limited jurisdictional discovery is necessary to determine whether personal jurisdiction exists over Defendant Benefitfocus Parent, and I reserve decision on Defendants' motion to dismiss for failure to state a claim. *See Sinochem Int'l*, 549 U.S. at 430–31.

### A. *Applicable Law*

"In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). The Lanham Act does not provide for national service of process. *See id.* Accordingly, New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") § 302(a), governs the instant action. *See id.*; *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000).

Under CPLR § 302(a)(2), for a court to exercise personal jurisdiction over a non-domiciliary defendant, the defendant must "in person or through an agent . . . commit[ ] a tortious act within the state, except as to a cause of action for defamation of character arising from the act." C.P.L.R. § 302(a)(2). "[T]here is no minimum threshold of activity required so long as the cause of action arises out of the allegedly infringing activity in New

York." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000). In Lanham Act cases, even "[o]ffering one copy of an infringing work for sale in New York constitutes commission of a tortious act within the state sufficient to imbue the Court with personal jurisdiction over the infringers." *Id.* (quoting *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 64 (S.D.N.Y. 1993)).

### B. *Application*

Defendants argue that Plaintiff fails to sufficiently allege that Benefitfocus Parent committed a tortious act in New York because it "does not transact business concerning the alleged trademark in New York, has not offered services or products pertaining to that trademark in or targeted to New York, does not own or use property in New York, and has no relevant contacts with New York." (Defs.' Mem. 14; *see also* First Dussault Decl. ¶¶ 8–18.) Plaintiff disputes this characterization of Benefitfocus Parent, and specifically alleged that Benefitfocus Parent and Subsidiary jointly maintain an office at 135 Madison Avenue, New York, NY 10016. (*See* FAC. ¶ 7 ("Benefitfocus [Parent] and Benefitfocus [Subsidiary] have an office at 135 Madison Avenue, New York, NY 10016.").) Plaintiff further alleges that "Benefitfocus has and continues to market and sell its 'Consolidated Billing' solution from its New York City office to [customers] within New York," although Plaintiff does not specifically allege whether Benefitfocus Parent, Subsidiary or both entities engage in such conduct. (*See id.* ¶ 30.) Defendants claim that the New York Office is leased solely by Benefitfocus Subsidiary and that Benefitfocus Parent "is not a lessee or guarantor of that property, does not use that property, and has no employees at that property." (Second Dussault Decl. ¶ 6.)

Defendants' factual assertions are supported by declarations from Jonathon E. Dussault, who is the Chief Financial Officer of both Benefitfocus Parent and Subsidiary, (*see id.*), but there

7

is no other evidence in the record, including documentary evidence, demonstrating the ownership/possession of the New York Office or that Benefitfocus Parent does not conduct any other business activities in New York. Moreover, the assertions are contradicted by the April Press Release, which was issued by Benefitfocus Parent, and which unambiguously announces that Benefitfocus Parent is "opening . . . *its* office in New York City." (Lawlor Decl. Ex. C (emphasis added).) The April Press Release disclaimer also explicitly refers the public to Benefitfocus Parent's Securities and Exchange Commission filings. Defendants argue that the "public use of a trade name, such as 'Benefitfocus,' does not extend personal jurisdiction to a parent holding company." (Defs.' Reply 7 (citing *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 193 (S.D.N.Y. 2000).)[8] But while the press release does occasionally use the trade name "Benefitfocus," it also uses Benefitfocus Parent's full corporate name, "Benefitfocus Inc.", (Lawlor Decl. Ex. C ("Benefitfocus, Inc. . . . today announced the opening of its office in New York City.")), and does not specifically indicate it is using Benefitfocus as a trade name.

Similarly, Defendants seem to argue that Plaintiff's allegation that "Benefitfocus has and continues to market and sell its 'Consolidated Billing' solution from its New York City office" applies only to Benefitfocus Subsidiary and not to Benefitfocus Parent.[9] However, there is no evidence in the record other than Defendants' self-serving declarations suggesting which of the two entities offers services out of the New York City Office, and the April Press Release at least arguably supports Plaintiff's position that Benefitfocus Parent plans to use the New York Office to provide the existing regional customer base "with even more robust customer service . . . to

---

[8] "Defs.' Reply" refers to the Reply Memorandum in Support of Benefitfocus Inc.'s and Benefitfocus.com, Inc.'s Motion to Dismiss the Amended Complaint for Injunctive and Other Relief, dated October 15, 2018. (Doc. 21.)

[9] Although Defendants do not specifically concede this point, Defendants do not argue that Plaintiff has failed to establish personal jurisdiction over Benefitfocus Subsidiary.

help simply benefits administration." (*Id.*)

Because the facts necessary to determine whether or not personal jurisdiction exists "lie exclusively within [Defendants'] knowledge," I find that limited jurisdictional discovery is appropriate. *Wafios Mach. Corp. v. Nucoil Indus. Co.*, No. 03 Civ. 9865(RWS), 2004 WL 1627168, at *5 (S.D.N.Y. July 21, 2004) (internal quotation marks omitted). Only Defendants have the documents and knowledge related to (1) the ownership/possession of the New York Office; (2) the business activities and other conduct of Benefitfocus Parent that occur in or are directed at New York; and (3) the corporate relationship between Benefitfocus Parent and Subsidiary, including the contours and extent of any agency relationship that may exist. Accordingly, the parties shall conduct limited jurisdictional discovery, including documents and testimony, as necessary, relevant to those three topics.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED with leave to re-file upon the conclusion of limited jurisdictional discovery. Jurisdictional discovery shall be limited to documents and testimony, as necessary, relevant to the following issues: (1) the ownership/possession of the New York Office; (2) the business activities and other conduct of Benefitfocus Parent directed at New York; and (3) the corporate relationship between Benefitfocus Parent and Subsidiary, including the contours and extent of any agency relationship that may exist. Jurisdictional discovery shall close sixty (60) days after the date of entry of this Opinion & Order. Plaintiff may seek leave to file a second amended complaint within fourteen (14) days of the close of jurisdictional discovery. Defendants may file a renewed motion to dismiss within thirty (30) days of the close of jurisdictional discovery, or, if Plaintiff files an amended complaint, within thirty days (30) days of the filing of the amended complaint.

SO ORDERED.

Dated: February 8, 2019
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge